ALTENBERND, Judge,
Concurring.
I fully agree with the discussion of the law in the court’s opinion and conclude that I am obligated to concur in the outcome. The outcome, however, seems unfortunate for two reasons.
First, as the court’s opinion discloses, Mr. Jones engaged in a self-help solution to his disagreement about the adequacy of his attorney; he left in mid-trial. He did not attend his sentencing hearing more than a month later. The trial court docket indicates that he was not arrested on the bench warrant until August 2008. It seems highly unlikely that he authorized his lawyer to file this appeal in July. Although a defendant who absents himself from his trial does not forfeit the right to appeal if he returns for sentencing, see Griffis v. State, 759 So.2d 668 (Fla.2000), a failure to return until after the notice of appeal is filed can justify dismissal of the appeal. Vasquez v. State, 832 So.2d 901 (Fla. 3d DCA 2002). The State, however, never requested that relief in this case, and in light of Mr. Jones’s mental status, the State’s patience with Mr. Jones may be warranted.
Second, although the trial court did not conduct a proper Nelson/Faretta hearing and this error is structural, it seems obvious from this record that Mr. Jones was unlikely to have the mental competence to make the decision to self-represent under Faretta. Even if he were competent to make that decision, under the rationale of Indiana v. Edwards, 554 U.S. 164, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008), which was decided after this trial, the trial court probably could declare that he suffered from a severe mental illness that authorized the court to override his decision. See also Fla. R.Crim. P. 3.111(d)(3) (eff. Aug. 27, 2009). In this regard, I would note that our record contains a supplement with the records from a mental examination in September 2008, after Mr. Jones was arrested on the bench warrant in this case. At that time, Mr. Jones was declared incompetent to proceed to trial because he would not even have been able to understand the proceeding or assist his appointed counsel. The condition was so severe that he was involuntarily committed to the custody of the Department of Children and Families.
Thus, this ease stands for the proposition that even when a trial judge believes the outcome of a Nelson/Faretta hearing is obvious, it must have the patience to take the procedural steps required under the rules of procedure and case law.